**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW HENDERSON : <br> 5552 Addison St. : <br> Philadelphia, PA 19143 : <br> : <br>     Plaintiff, : <br>     v. : <br> : <br> NATIONAL CHEMICAL : <br> LABORATORIES, INC. : <br> 401 N. 10th St. : <br> Philadelphia, PA 19123 : <br> : <br>     Defendant. : <br> : | CIVIL ACTION <br><br> CASE NO.: <br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Andrew Henderson (hereinafter referred to as "Plaintiff," unless indicated otherwise) against National Chemical Laboratories, Inc. (hereinafter referred to as "Defendant"). Plaintiff asserts violations of Title VII of the Civil Rights Act ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"). Plaintiff contends he was subjected to discriminatory and retaliatory treatment while employed with Defendant (as explained *infra*) and that he was unlawfully terminated from his employment.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.     Plaintiff's state claims will be proper under this Court's ancillary or supplemental jurisdiction as they arise out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because the actions underlying this case occurred in this District, and Defendant is deemed to reside where it is subject to personal jurisdiction (rendering venue appropriate for multiple reasons).

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

6.     Plaintiff has properly exhausted his administrative remedies regarding his PHRA and PFPO claims by dual-filing his Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and by waiting at least one year since the filing date before asserting his PHRA and PFPO claims.

**PARTIES**

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult male residing at the above-captioned address.

7.      Defendant is a Philadelphia-based international manufacturer and distributor of chemicals for use in cleaning and personal hygiene products.

8.      Defendant is headquartered at the address captioned above and has a Distribution Center located at 4701 Bath St, Philadelphia, PA 19137.

9.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff is a Black/African American male.

12.      Plaintiff intermittently worked for Defendant as a temporary employee through an employment agency, Kaye Personnel ("Kaye"), from August 4, 2021, to August 17, 2021; April 25, 2022, to June 24, 2022; and May 8, 2023, to September 22, 2023.

13.      Plaintiff was then employed by Defendant as a permanent employee for approximately one year (commencing on or about September 25, 2023) until his termination on or about September 6, 2024.

14.      Plaintiff physically worked for Defendant at its Distribution Center located at 4701 Bath St., Philadelphia, PA 19137.

3

15.    Plaintiff worked as a Forklift Operator (loader/unloader) during the entirety of his employment with Defendant until his termination on September 6, 2024.

16.    In his role as Forklift Operator, Plaintiff was directly supervised by and reported to the Distribution Center Dock Supervisor, Juan Garcia ("Garcia" - Hispanic), and the Distribution Warehouse Manager, Keith Potalivo ("Potalivo" – Caucasian).

17.    The Human Resources ("HR") member relevant to the instant matter is the HR Generalist, Darci Fox ("Fox" – Caucasian).

18.    Throughout his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

19.    Despite his hard work and dedication to the job, Defendant's management and staff subjected Plaintiff to race-based discrimination culminating in a hostile work environment.

20.    For example, Plaintiff observed that Garcia used racial slurs on a constant basis during work hours, including but not limited to the word "nigger," directed at Black employees.

21.    Racial slurs (including those used by Garcia) were often used in the presence of members of management including Potalivo, but neither Potalivo nor any other member of Defendant's management ever said anything to stop this racially discriminatory behavior, thereby effectively condoning it.

22.    Plaintiff objected to the use of the word "nigger" and verbally complained about the use of the aforesaid slur to Potalivo in or about May 2023.

23.    In response to Plaintiff's complaint of racial discrimination, Potalivo laughed and walked away.

4

24.     Because Defendant never investigated Plaintiff's aforesaid complaint, the racially discriminatory behavior continued and even grew worse because Garcia and others knew they would not face repercussions for making racially derogatory comments.

25.     In fact, even following Plaintiff's complaint to Potalivo, Garcia (and others) continued to use the term "nigger" in front of Defendant's management (including Potalivo) without any objection from management.

26.     In addition to the foregoing racial slurs (which Defendant clearly condoned), Defendant's management treated Black/African American employees disparately and discriminatorily compared to non-Black employees.

27.     For example, Defendant selectively enforced policies against Plaintiff, but not against non-Black employees such as Garcia, which is specifically relevant to Plaintiff's termination.

28.     For example, on an unknown date, another non-Black employee, Charles Benoit ("Benoit" – Caucasian) instigated a verbal altercation with Plaintiff, in which he raised his voice and used offensive language against Plaintiff.

29.     In response to the aforesaid argument between Benoit and Plaintiff, Defendant issued a verbal warning to Plaintiff for engaging in the argument, but not to Benoit, who received no discipline despite also engaging in the same.

30.     Defendant's selective enforcement of policies against Black employees is also specifically relevant to Plaintiff's termination (as discussed *infra*).

31.     On September 4, 2024, Plaintiff asked another employee to move a pallet, but Garcia interjected and told the other employee not to move the pallet as Plaintiff asked.

32.    When Plaintiff and Garcia disagreed as to the height of the pallet, Garcia exited his forklift and aggressively walked up close to Plaintiff's face to tell Plaintiff that he should leave if he does not like the way he is being spoken to.

33.    Plaintiff and Garcia both approached Potalivo with their concerns regarding the aforesaid incident.

34.    Defendant held a meeting on September 6, 2024, in which Plaintiff, Potalivo, Fox, and Defendant's Vice President of Purchasing, Logistics and the Distribution Center, Michael Reardon ("Reardon"), were present.

35.    Defendant did not interview any witnesses, and in fact moved the only other witness to the incident (another Forklift Operator, Steve Roberts ("Roberts"- Black)), to another building for the day so that he could not be present at the meeting.

36.    Defendant also failed to interview Plaintiff regarding the incident and simply terminated him on September 6, 2024.

37.    Defendant terminated Plaintiff allegedly because of his conduct towards other employees, particularly the way he "approached" other employees; however, there were other non-Black employees who committed egregious terminable offenses, and they were not terminated like Plaintiff.

38.    For example:

   i.    Garcia was not terminated after he instigated a physical altercation with a Black employee, Mark Dodd ("Dodd" – Black) wherein he injured Dodd by punching him and slamming him onto the ground;

   ii.    Garcia was not terminated after he threw a lock at a Black employee;

     iii.  Garcia was not terminated after repeatedly using the term "nigger" in front of management; and

     iv.  On one occasion, Benoit and Garcia were engaged in an altercation wherein they were screaming and cussing at each other; however, neither one of them were terminated.

39. Based on the foregoing, it is clear that Defendant's reason for terminating Plaintiff is completely pretextual.

40. Plaintiff believes and therefore avers that he was terminated because of his race in violation of Title VII, Section 1981, the PHRA, and the PFPO.

**Count I**
**<u>Violations of Title VII</u>**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff believes and avers that he was subjected to a hostile work environment because of his race and/or objections to racial discrimination through discriminatory/derogatory comments, discriminatory harassment, pretextual admonishment, and disparate treatment.

43. Plaintiff believes and avers that his race was a motivating or determinative factor in Defendant's decisions to subject him to disciplinary action and terminate his employment.

44. Plaintiff also believes and avers that Defendant terminated him in retaliation for objecting to and/or complaining of racial discrimination.

45. The adverse actions taken against Plaintiff as outlined herein because of his race and/or in retaliation for his objections to racial discrimination constitute violations of Title VII.

**Count II**
**Violations of Title VII of 42 U.S.C. Section 1981**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

46.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.    Plaintiff believes and avers that he was subjected to a hostile work environment because of his race and/or objections to racial discrimination through discriminatory/derogatory comments, discriminatory harassment, pretextual admonishment, and disparate treatment.

48.    Plaintiff also believes and avers that Defendant would not have terminated him but for his race and/or his objections to and/or complaints about racial discrimination.

49.    The adverse actions taken against Plaintiff as outlined herein because of his race and/or in retaliation for his complaints of discrimination constitute violations of Section 1981.

**Count III**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

50.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.    Plaintiff believes and avers that he was subjected to a hostile work environment because of his race and/or objections to racial discrimination through discriminatory/derogatory comments, discriminatory harassment, pretextual admonishment, and disparate treatment.

52.    Plaintiff believes and avers that his race was a motivating or determinative factor in Defendant's decisions to subject him to disciplinary action and terminate his employment.

53.    Plaintiff also believes and avers that Defendant terminated him in retaliation for objecting to and/or complaining of racial discrimination.

8

54. The adverse actions taken against Plaintiff as outlined herein because of his race and/or in retaliation for his complaints of discrimination constitute violations of the PHRA.

**Count IV**
**Violations of the Philadelphia Fair Practices Ordinance ("PFPO")**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Plaintiff believes and avers that he was subjected to a hostile work environment because of his race and/or objections to racial discrimination through discriminatory/derogatory comments, discriminatory harassment, pretextual admonishment, and disparate treatment.

57. Plaintiff believes and avers that his race was a motivating or determinative factor in Defendant's decisions to subject him to disciplinary action and terminate his employment.

58. Plaintiff also believes and avers that Defendant terminated him in retaliation for objecting to and/or complaining of racial discrimination.

59. The adverse actions taken against Plaintiff as outlined herein because of his race and/or in retaliation for his complaints of discrimination constitute violations of the PFPO.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful,

deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: July 24, 2026

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Andrew Henderson | : | CIVIL ACTION |
| v. | : | |
| National Chemical Laboratories, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 7/24/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

## ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| HENDERSON, ANDREW | NATIONAL CHEMICAL LABORATORIES, INC. |

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product     Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |     Liability    [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'     Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    [ ] 368 Asbestos Personal [ ] 340 Marine     Injury Product [ ] 345 Marine Product     Liability | | [ ] 835 Patent – Abbreviated New Drug Application [ ] 840 Trademark | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |     Liability    **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending     Product Liability | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    [ ] 380 Other Personal     Injury     Property Damage |     Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury -    [ ] 385 Property Damage     Medical Malpractice     Product Liability | [ ] 740 Railway Labor Act [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment    [ ] 510 Motions to Vacate     Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 240 Torts to Land | [ ] 443 Housing/     Accommodations    [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities -    [ ] 535 Death Penalty     mployment    **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities -    [ ] 540 Mandamus & Other     Other    [ ] 550 Civil Rights | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education    [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)
Brief description of cause:
Violations of Title VII, Section 1981, PHRA and PFPO.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    7/24/2026    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____